**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

UNITED STATES OF AMERICA

v.                                                          Case No. 2:23-cr-134-TPB-NPM

RICHARDSON BIEN AIME,

     Defendant.

                                 /

## ORDER DENYING "DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE"

This matter is before the Court on "Defendant's Motion to Dismiss and/or Strike and Incorporated Memorandum of Law," filed by counsel on January 19, 2024. (Doc. 53). On February 2, 2024, the United States filed a response in opposition. (Doc. 54). Upon review of the motion, response, court file, and the record, the Court finds as follows:

## Background

Defendant Richardson Bien Aime has been charged in a five-count indictment with four drug offenses and possession of a firearm by a convicted felon. (Doc. 27). The charges arose after the Lee County Sheriff's Office developed a confidential human source who advised that he or she knew a male named "KP" (Defendant) who sold fentanyl and methamphetamine in Lee County.

On August 18, 2023, the Sheriff's Office conducted a controlled drug transaction with the confidential source and Defendant, which was captured by audio and video recording. The officers also obtained a digitally recorded sworn statement from the source with details of the transaction.

In September 2023, the confidential source provided information about a methamphetamine shipment that Defendant would be receiving from California. Defendant requested that the confidential source retrieve the package once it arrived and bring it to Defendant. The drug parcel was intercepted by a U.S. postal inspector. The postal inspector executed a federal search warrant on the intercepted parcel, which contained two vacuum-sealed bags filled with a crystal-like substance surrounded in black pepper-like material.

On September 21, 2023, the Sheriff's Office conducted another controlled drug transaction with the confidential source and Defendant. On October 19, 2023, the Sheriff's Office conducted a third controlled drug transaction. Each of these controlled transactions were captured by audio and video recording, and the confidential source digitally recorded a sworn statement following each transaction.

On November 2, 2023, the Federal Bureau of Investigation executed a search warrant on Defendant's residence. The search revealed approximately eight ounces of methamphetamine, one Smith and Wesson 9MM pistol, one Anderson manufacturing AM-15 rifle, one fully loaded high-capacity magazine inserted into the AM-15 rifle, and multiple 5.56 and 9mm rounds of ammunition. The same day, Defendant was arrested.

In the instant motion, Defendant seeks to dismiss the indictment on grounds of vagueness.

## **Legal Standard**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise, and definite written statement of the essential facts

constituting the offense charged and . . . signed by an attorney for the government."

Fed. R. Civ. P. 7(c)(1).  A sufficient indictment "(1) presents the essential elements of

the charged offense, (2) notifies the accused of the charges to be defended against, and

(3) enables the accused to rely upon a judgment under the indictment as a bar against

double jeopardy for any subsequent prosecution for the same offense."  *United States v.*

*Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United States v. Woodruff*, 296

F.3d 1041, 1046 (11th Cir. 2002)).

When reviewing a motion to dismiss an indictment, a court considers whether

the Government has sufficiently alleged each of the elements of the offense charged

and, taking the allegations as true, whether a criminal offense has been stated.  *See,*

*e.g.*, *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000).  A district court's

review is limited to the face of the indictment.  *United States v. Sharpe*, 438 F.3d 1257,

1263 (11th Cir. 2006).

## Analysis

In his motion, Defendant argues that Counts I, II, and III are impermissibly

vague by failing to sufficiently clarify the nature of the controlled substances that he

has been accused of distributing.  Specifically, he contends that Counts I and II do not

specify whether the substances found were methamphetamine or methamphetamine

hydrochloride.  He argues that although he was charged in Count II with distributing

a controlled substance containing a detectable amount of fentanyl, the DEA report on

the fentanyl also references other drugs, namely heroin and xylazine.  And as to Count

III, Defendant asserts that although he was charged with distributing a controlled

substance containing a detectable amount of cocaine base, no DEA report mentions

cocaine.

Upon careful consideration, the Court finds the indictment is sufficient.  The indictment presents the essential elements of each charged offense, tracking the language of the criminal statutes and providing Defendant with sufficient notice of the facts.  Count I, II, and III each allege the knowing and intentional distribution of a controlled substance, the date of the alleged conduct, and the substances involved.  Essentially identical charging language has been upheld by the Eleventh Circuit.  *See United States v. Steele*, 147 F.3d 1316, 1317, 1320 (11th Cir. 1998).

Defendant may wish to contest the charges, perhaps with information provided in the DEA reports.  But any alleged factual issues in the DEA reports do not provide a basis to dismiss the facially sufficient indictment.  Accordingly, "Defendant's Motion to Dismiss and/or Strike and Incorporated Memorandum of Law" (Doc. 53) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 26th day of February, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**